# UNITED STATES DISTRICT COURT
## Western District of Tennessee
www.tnwd.uscourts.gov

Thomas M. Gould
Clerk of Court

Memphis      (901) 495-1200
Memphis fax  (901) 495-1250
Jackson      (731) 421-9200

242 Federal Building
167 North Main Street
Memphis, TN 38103

262 Federal Building
111 South Highland Avenue
Jackson, TN 38301

March 21, 2008

'08 CV 0610 W AJB



FILED

MAR 26 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

United States District Court
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101
ATTN: Clerk of Court

RE: Fusca, et al. v. DMJ, Inc. et al.

Dear Clerk of Court:

    Enclosed are certified copies of an Order.., entered on the docket on March 18, 2008, and docket entries.

    Please acknowledge receipt of same by copy of this letter.

    As this case has been entered into CM/ECF, an informational page has been attached for you to retrieve the case file electronically.

    If further assistance is needed, please let us know.

                              Sincerely,

                              THOMAS M. GOULD, Clerk


                              BY: s/ J Easley_____
                                    Deputy Clerk


Encl.                         RECEIVED DOCUMENTS ON _____
                              day of _____, 2006
                              By:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JON P. FUSCO, JO ANNE FUSCO,<br>DMJ, INC. and KEN CARTER, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civil Case No: 2:08-cv-02125-JPM-DKV<br>Removal from the Chancery Court |
| JENNY CRAIG, INC., and JENNY CRAIG<br>INTERNATIONAL, INC., | ) <br> ) <br> ) | of Shelby County, Tennessee<br>Case No.: CH-08-0343-2 |
| Defendants. | ) | |

## CONSENT ORDER TRANSFERRING CASE

This cause came to be heard on the written Motion of the Parties to Transfer this case pursuant to 28 U.S.C. § 1404(a) and the entire record in this cause; from all of which it appears to the Court that the parties' Motion is well-taken and should be granted;

IT IS, THEREFORE, ORDERED that this cause shall be transferred to the United States District Court for the Southern District of California where related litigation between these parties is currently pending.

SO ORDERED this 18th day of March, 2008.

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY
DEPUTY CLERK

AGREED:


s/Charmiane Claxton (with permission)
Charmiane Claxton
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 260-5166
cclaxton@appersoncrump.com


s/Eugene J. Podesta, Jr.
EUGENE J. PODESTA, JR. (#9831)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000
gpodesta@bakerdonelson.com

2

CLOSED

## U.S. District Court
### Western District of Tennessee (Memphis)
### CIVIL DOCKET FOR CASE #: 2:08-cv-02125-JPM-dkv
### Internal Use Only

Fusco et al v. Jenny Craig, Inc. et al
Assigned to: Chief Judge Jon Phipps McCalla
Referred to: Magistrate Judge Diane K. Vescovo
Case in other court: Chancery Court of Shelby County TN,
        CT-08-00343-2
Cause: 28:1332 Diversity-Other Contract

Date Filed: 02/25/2008
Date Terminated: 03/18/2008
Jury Demand: None
Nature of Suit: 196 Contract: Franchise
Jurisdiction: Diversity

**Miscellaneous**

| **Dewun R. Settle** | represented by | **Dewun R. Settle** |
|---|---|---|
| | | CHANCERY COURT CLERK AND MASTER |
| | | 140 Adams Avenue |
| | | Ste. 308 |
| | | Memphis, TN 38103 |
| | | 901-545-4002 |
| | | PRO SE |

**Plaintiff**

| **Jon P. Fusco** | represented by | **Charmiane G. Claxton** |
|---|---|---|
| | | APPERSON CRUMP & MAXWELL, PLC |
| | | 6000 Poplar Ave. |
| | | Ste. 400 |
| | | Memphis, TN 38119-3972 |
| | | 901-260-5166 |
| | | Fax: 901-435-5166 |
| | | Email: cclaxton@appersoncrump.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Thomas R. Buckner** |
| | | APPERSON CRUMP & MAXWELL, PLC |
| | | 6000 Poplar Ave. |
| | | Ste. 400 |
| | | Memphis, TN 38119-3972 |
| | | 901-756-6300 |
| | | Email: tbuckner@appersoncrump.com |
| | | *LEAD ATTORNEY* |

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY *[signature]*
DEPUTY CLERK

*ATTORNEY TO BE NOTICED*

__Plaintiff__

Jo Anne Fusco                        represented by  **Charmiane G. Claxton**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas R. Buckner**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

__Plaintiff__

DMJ, Inc.                            represented by  **Charmiane G. Claxton**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas R. Buckner**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

__Plaintiff__

Ken Carter                           represented by  **Charmiane G. Claxton**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas R. Buckner**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

__Defendant__

Jenny Craig, Inc.                    represented by  **Eugene J. Podesta, Jr.**
                                                     BAKER DONELSON BEARMAN
                                                     CALDWELL & BERKOWITZ
                                                     First Tennessee Bank Building
                                                     165 Madison Ave.
                                                     Ste. 2000
                                                     Memphis, TN 38103
                                                     901-526-2000
                                                     Fax: 901-577-2303
                                                     Email: gpodesta@bakerdonelson.com
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**R. Mark Glover**
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ-
Memphis
First Tennessee Bank Building
165 Madison Ave.
Ste. 2000
Memphis, TN 38103
901-526-2000
Fax: 901-577-2303
Email: mglover@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jenny Craig International, Inc.**    represented by    **Eugene J. Podesta, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Mark Glover**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jenny Craig Franchising, LLC**    represented by    **Eugene J. Podesta, Jr.**
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103
901-526-2000
Fax: 901-577-2303
Email: gpodesta@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/25/2008 | ◑1 | NOTICE OF REMOVAL from Chancery Court of Shelby TN, case number CH-08-0343-2., filed by Jenny Craig, Inc., Jenny Craig International, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit State Court Proceedings, # 3 Exhibit State Court Proceedings, # 4 Exhibit State Court Proceedings, # 5 Judge's card)(jml, ) (Entered: 02/26/2008) |
| 02/26/2008 | ◑ | (Court only) ***Staff notes: Case emailed to case adm. and notated in shell case. (jml, ) (Entered: 02/26/2008) |
| | | |

| 02/26/2008 | 2 | Case initiation fee: $ 350.00, receipt number M112004 (agj, ) (Entered: 02/27/2008) |
|---|---|---|
| 02/27/2008 | 3 | Corporate Disclosure Statement by Jenny Craig, Inc., Jenny Craig International, Inc.. (Glover, R.) (Entered: 02/27/2008) |
| 03/10/2008 | 4 | AMENDED COMPLAINT against Jenny Craig Franchising, LLC, Jenny Craig, Inc., Jenny Craig International, Inc., filed by Jon P. Fusco, Jo Anne Fusco, DMJ, Inc., Ken Carter. (Attachments: # 1 Exhibit A - November 16, 2007 letter from Doug Fisher to DMJ, Inc., # 2 Exhibit B - March 7, 2008 letter from John Baer to Charmiane Claxton) (Claxton, Charmiane) (Entered: 03/10/2008) |
| 03/10/2008 | 5 | MOTION for Hearing re 4 Amended Complaint, *on Preliminary Injunction as Requested in Plaintiffs' Complaint and Amended Complaint* by Jon P. Fusco, Jo Anne Fusco, DMJ, Inc., Ken Carter. (Attachments: # 1 Exhibit A - March 7, 2008 letter from John Baer to Charmiane Claxton) (Claxton, Charmiane) (Entered: 03/10/2008) |
| 03/18/2008 | 6 | Joint MOTION To Transfer Case *Proposed Consent Order submitted* by Jenny Craig Franchising, LLC, Jenny Craig, Inc., Jenny Craig International, Inc.. (Podesta, Eugene) (Entered: 03/18/2008) |
| 03/18/2008 | 7 | CONSENT ORDER re 6 TRANSFERRING CASE. Signed by Chief Judge Jon Phipps McCalla on 3/18/08. (McCalla, Jon) (Entered: 03/18/2008) |
| 03/18/2008 | | (Court only) ***Civil Case Terminated. (jae, ) (Entered: 03/21/2008) |
| 03/21/2008 | 8 | Letter transferring case to Southern District of California (jae, ) (Entered: 03/21/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JON P. FUSCO, JO ANNE FUSCO, DMJ, INC. and KEN CARTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No. _____ Removal from the Chancery Court |
| JENNY CRAIG, INC. and JENNY CRAIG INTERNATIONAL, INC., | ) ) ) | of Shelby County, Tennessee Case No.: CH-08-0343-2 |
| Defendants. | ) | |

### NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION AND TO ALL PARTIES:**

Come now the Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc., by and through their counsel, and gives notice of removal of this Civil Action from the Chancery Court of Shelby County, Tennessee at Memphis to the United States District Court for the Western District of Tennessee, Western Division, and in support thereof shows as follows:

1.      Plaintiffs commenced this Civil Action on February 20, 2008, by filing with the Clerk & Master of the Chancery Court of Shelby County, Tennessee a Verified Petition for Restraining Order ("Petition") styled *Jon P. Fusco, Jo Anne Fusco, DMJ, Inc., and Ken Carter, Plaintiffs v. Jenny Craig, Inc. and Jenny Craig International, Inc., Defendants*, Civil Action No. CH-08-0343-2. A Temporary Restraining Order was entered *ex parte* in the Chancery Court on February 20, 2008, and a copy of the Summons, Petition and Temporary Restraining Order was forwarded to Defendants by Plaintiffs' counsel on that date.

2.    The Petition asserts state law claims for injunctive relief in connection with certain written agreements entered into by Plaintiff, DMJ, Inc. in April of 2001.

3.    Plaintiff, DMJ, Inc. asserts that it is a Delaware corporation with its principal place of business located in Tennessee. [Petition, ¶ 2]. Plaintiffs, Jon P. Fusco and JoAnne Fusco are Tennessee residents. [Petition, ¶ 1]. Plaintiff, Ken Carter, is a resident of Calgary, Alberta, Canada. [Petition, ¶ 3].

4.    In their Petition, Plaintiffs assert that Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc. are California corporations doing business in the State of Tennessee. That allegation is incorrect. Jenny Craig, Inc. is a Delaware corporation with its principal place of business located in California. Jenny Craig International, Inc. was merged into Jenny Craig, Inc. and no longer exists as a stand alone entity.

5.    Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc. were fraudulently joined as Defendants to this cause of action for the purpose of defeating diversity of citizenship. All rights and obligations under the Agreement which form the basis of this cause of action were assigned by Jenny Craig International, Inc. to Jenny Craig Franchising, LLC. Plaintiffs were made aware of this assignment as evidenced by correspondence dated November 16, 2007, and February 15, 2008, copies of which are attached hereto as Exhibits A and B respectively in 2003.

6.    Plaintiffs can assert no colorable claim against the non-diverse entities named as Defendants in this action since the rights and obligations under the Agreements which are the subject of the suit have previously been assigned to Jenny Craig Franchising, LLC. The improper inclusion in this case of the non-diverse Defendants cannot defeat removal on grounds

2

of diversity of citizenship as a result. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940,

949 (6th Cir. 1994); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

  7. Jenny Craig Franchising, LLC is a Delaware limited liability company whose sole

member is Jenny Craig N.A. Franchising, Inc., a California corporation whose principal place of

business is located in California. A limited liability company is not treated as a corporation for

the purpose of diversity of citizenship, but rather has the citizenship of its members. *Homfeld II*

*LLC v. Comair Holdings, Inc.*, 53 Fed. App'x 731 (6th Cir. Dec. 3, 2002); *Certain Interested*

*Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39 (6th Cir. 1993); *Stanley v. Alpha*

*Natural Resources, Inc.*, No. 2:07-CV-04 2007 WL 1112982 (E.D. Tenn., April 12, 2007).

Because the sole member of Jenny Craig Franchising, LLC is a California corporation, the

citizenship of Jenny Craig Franchising LLC for purposes of diversity of citizenship is California.

  8. This Court has jurisdiction over Plaintiffs' actions under the provisions of

28 U.S.C. § 1332. When the fraudulently joined Defendants are excluded and the proper party

Defendant is substituted, this lawsuit involves claims between citizens of different states. While

no ad damnum is asserted in the Petition, the injunctive relief sought clearly involves an amount

in controversy that exceeds $75,000, exclusive of costs and interests. Removal is authorized

under 28 U.S.C. § 1441(a).

  9. In accordance with 28 U.S.C. § 1391(a), venue is technically proper in the United

States District Court for the Western District of Tennessee, because a substantial part of the

alleged events or omissions giving rise to Plaintiffs' claims occurred in this judicial district;

nonetheless, Defendants do not hereby waive the position that the proper venue for this dispute is

contractually established to be in California.

3

M EJP 1069963 v1
0-0 02/25/2008

10.     Consistent with 28 U.S.C. § 1446(a), copies of all process and pleadings filed in this cause in the Chancery Court of Shelby County, Tennessee, are attached as composite Exhibit C to this Notice.

11.     Notice will be filed with the Clerk & Master of the Chancery Court of Shelby County that removal has been effectuated to this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the above-described Civil Action be removed from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted,


s/ R. Mark Glover
R. MARK GLOVER (#6807)
Email:  mglover@bakerdonelson.com
EUGENE J. PODESTA, JR. (#9831)
Email:  gpodesta@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:  (901) 526-2000

Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon Charmiane G. Claxton, Attorney for Plaintiffs, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee, 38119-3972, by this Court's electronic notice system and by U.S. Mail, postage prepaid, this 25th day of February, 2008.

s/ R. Mark Glover


4

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter

**DEFENDANTS**

Jenny Craig, Inc. and Jenny Craig International, Inc.

(b) County of Residence of First Listed Plaintiff   Shelby Co., TN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego Co., CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Thomas Ruckner, Charmaine Claxton, 6000 Poplar Ave., Suite 400, Memphis, TN  38119-3972

Attorneys (If Known)

R. Mark Glover, Eugene J. Podesta, 165 Madison Ave., Suite 2000, Memphis, TN  38103

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DMJ in a Delaware Corporation - P/B in TN.

Ken Carter

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | | |
| ☐ 442 Employment | **Habeas Corpus:** | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity: 28 USC Section 1332
Brief description of cause:
Suit for injunctive relief

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   2/25/08   SIGNATURE OF ATTORNEY OF RECORD   /s/ R. MARK GLOVER

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*Jenny Craig* ®

Jenny Craig, Inc.
5770 Fleet Street
Carlsbad, CA 92008-4700

(760) 696-4000
(760) 696-4001 Fax

DMJ, Inc.
6006 Sweetbrier Cove
Memphis, TN 38120
Attn: Jon Fusco

VIA FEDERAL EXPRESS AND E-MAIL

November 16, 2007

**Re: Notice of Default under Franchise Agreements Nos. 8155 and 8072 and Related Area Development Agreements**

Dear Jon:

This letter serves as notification of default under the following agreements: (i) Area Development Agreement by and between Jenny Craig International, Inc. ("JCI") and DMJ, Inc. ("DMJ") effective as of April 1, 2001, for Jackson, Mississippi ("Jackson ADA"), (ii) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Jackson, Mississippi Centre ("Jackson Franchise Agreement"), (iii) the Area Development Agreement by and between JCI and DMJ effective April 1, 2001, for Memphis, Tennessee ("Memphis ADA", and jointly with the Jackson ADA, the "Area Development Agreements"), and (iv) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Memphis, Tennessee Centre (jointly, with the Jackson Franchise Agreement, the "Franchise Agreements" and the Franchise Agreements jointly with the Area Development Agreements, the "Agreements"). JCI has previously assigned its rights and obligations under the Agreements to Jenny Craig Franchising, LLC ("JCF").

This notice is based on our rights under Section 14.1 of the Franchise Agreements and Section 7.A. of the Area Development Agreements. Each agreement allows us to terminate if there is a default under that particular agreement or any other agreement between DMJ and JCF. DMJ is in default under the Agreements for several reasons, including the following:

1. **Centre Upgrades** - We have discussed with you for a very long time now the need to completely refurbish the Jackson Centre and also the need to install the graphics package in the Memphis Centre. DMJ is required to do so under both the Franchise Agreements (Sections 3.5 and 9.11). To date, our repeated requests to you to comply with this obligation have gone largely unanswered. You submitted a Franchise Application for Refurb Approval for the Jackson Centre on May 14 of this year, but it was missing the Centre floor plan. We have still not received the floor plan, without which the refurbishment process cannot proceed. On June 5 in an e-mail to Douglas Fisher you informed us that you had not yet received any proposals for the Memphis Centre. Again, you were informed that the

123359thHW-3

**EXHIBIT "A"**

refurbishment process cannot proceed without a centre floor plan, but we have not received such floor plan or any further information from you on the refurbishment of the Memphis Centre since then.

2. **New Centre Openings** - You indicated to us as early as October 2005 your intention to open an additional centre in the Memphis area. Most recently, you confirmed this intention during our visit with you and your team. During the week of April 30 you agreed to begin the process to open at least one new centre in Memphis. In a letter sent to you on May 7, we indicated that we expected you to be able to open the new centre by the end of 2007. It is now November, and you have still not taken the necessary steps to even identify a location for a new centre. The Exhibit I to the Memphis ADA requires you to use your best efforts to open additional centres as may be necessary to develop the development area to its maximum economic potential. On June 14 you informed Douglas Fisher in an e-mail that you were waiting for proposals for new sites, but since then we have not received any information from you regarding steps taken to open an additional centre in the Memphis area.

3. **Timely Reports** - Pursuant to the operations manual, DMJ must provide us with monthly P&L reports. You are currently behind on your reporting obligations, as you have been for most of this year. The last P&L report that we received from you was for the first calendar quarter of 2007. The report was not in the proper electronic format. We have not received any P&L reports from you since. Your failure to provide such reports is a breach of the Franchise Agreements, including Sections 9.11 and 9.12. Furthermore, you have also failed to send us several other quarterly compliance reports.

4. **Media Plan** - DMJ is required to provide us with an annual media plan for your centres. This type of plan was most recently requested of our franchisees on October 5. You have not provided us with media plans for your centres, which constitutes a breach of the Franchise Agreement. You are required to comply with the operations manual pursuant to Sections 9.11 and 9.24.

5. **Conference Participation** - You have not registered yourself or key operations personnel for participation in the upcoming franchisee conference. You are required to participate in the conference pursuant to Section 9.15 of the Franchise Agreements. In addition to fail to participate in the upcoming conference, you have also failed to participate in the vast majority of monthly franchisee calls and other network conference calls that we have organized.

6. **Staffing obligation** - Under Section 9.2 of the Franchise Agreements you are required to employ sufficient qualified staff to operate each centre efficiently. We noted in the Market Visit Report, dated April 25, that the Jackson centre was insufficiently staffed, in several respects. Your e-mail to Devon Battee on November 14 regarding conference participation indicates the reason you are not participating in the upcoming franchisee conference is because the centres are short-staffed, so it appears that the issues raised in April have not been satisfactorily addressed.

7. **Sales Tax Proof** - Following the closure and subsequent re-opening of your Jackson Centre for failure to pay sales tax, you informed us on June 27 that written proof of the state's

1213369WBV-3

approval for the centre to re-open was forthcoming within a week or two. We inquired about written proof on several occasions thereafter, but to date have not received such proof. You are required to comply with all state and local laws, regulations and requirements pursuant to Section 9.23.1 of the Franchise Agreements.

Based on the foregoing we are hereby giving you 90 days from the date of this letter to cure all of the above defaults. With respect to the new centre opening, if you are not able to have the new centre opened by the cure period, you will have to provide us with a fully executed lease for the additional centre (the location must be approved by us before you can enter into the lease) before the cure period. You must cure all the defaults in full before the end of the cure period, or the Agreements will terminate on February 14, 2008 without any further notice. If you wish to transfer your centres to a new owner, please be aware that such a transfer is subject to the transfer provisions in the Agreements and that any transferee would be required to cure the defaults promptly in addition to any other transfer requirements that we may enforce under the Agreements. The negotiations of a transfer will not give you any additional time to cure the defaults under the Agreements, and if it would not be consummated before the end of the cure period the Agreements will be terminated as set forth in this letter.

Sincerely,

JENNY CRAIG FRANCHISING, LLC

Douglas Fisher
Vice President of Franchise Operations & Development

Cc: Patti Larchet, CEO
    Kimberly Matthews, Assistant General Counsel
    Beata Krakus, Sonnenschein, Nath & Rosenthal, LLP
    Sharon Vickers, Franchise Business Consultant
    Victor DeSio, Director, Franchise Development
    Lisa Herndon, Manager, Franchise Operations

12335061.V-3

*Jenny Craig* ®

Jenny Craig, Inc.
5770 Fleet Street
Carlsbad, CA 92008-4700

(760) 696-4000
(760) 696-4001 Fax

DMJ, Inc.
6006 Sweetbrier Cove
Memphis, TN 38120
Attn: Jon Fusco, President

VIA FEDERAL EXPRESS AND E-MAIL

February 15, 2008

Re:     **Exercise of Post-Termination Rights under Franchise Agreements and Confidential Settlement Communication**

Dear Jon:

We are writing to you to follow up on the letters sent to you on November 16, 2007 and on December 7, 2007 regarding the termination of following agreements: (i) Area Development Agreement by and between Jenny Craig International, Inc. ("JCI") and DMJ, Inc. ("DMJ") effective as of April 1, 2001, for Jackson, Mississippi ("Jackson ADA"), (ii) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Jackson, Mississippi Centre ("Jackson Franchise Agreement"), (iii) the Area Development Agreement by and between JCI and DMJ effective April 1, 2001, for Memphis, Tennessee ("Memphis ADA", and jointly with the Jackson ADA, the "Area Development Agreements"), and (iv) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Memphis, Tennessee Centre (jointly, with the Jackson Franchise Agreement, the "Franchise Agreements"). JCI has previously assigned its rights and obligations under the above agreements to Jenny Craig Franchising, LLC ("JCF").

As stated in the December 7, 2007 letter, unless a transfer of the Franchise Agreements and Area Development Agreements was completed by February 14, 2008, the agreements would be terminated effective as of that date. Since no transfer has been completed, this letter shall serve as notice that the Franchise Agreements and Area Development Agreements terminated, effective as of February 14, 2008.

At this time we are exercising our rights pursuant to Sections 15.4 and 15.5 of the Franchise Agreements to purchase from you the fittings and equipment for both Centres, as well as to take over the leases for the premises and for any leased equipment used in the Centres. Pursuant to Section 15.4 of the Franchise Agreements, we will pay you fair market value for the fittings and equipment.

12372571v.3

**EXHIBIT "B"**

Jon Fusco
February 15, 2008
Page 2


As you know, the fair market value of the fittings and equipment is quite low.  In an effort to resolve this dispute amicably, however, we are prepared to offer you the sum of $300,000, less any amounts you owe to us or our affiliates, which we currently estimate to be approximately $113,000, in exchange for mutual releases.  This offer is subject to the parties entering into a mutually acceptable Asset Purchase Agreement and the assets being transferred free and clear of all liens.  The value of the hard assets which we would purchase under Section 15.4 of the Franchise Agreement is significantly less than the $300,000 we are offering to pay you.

This offer to pay you an additional amount over and above the fair market value of the fittings and equipment will remain open until the close of business on Wednesday, February 20, 2008.  Any statements in this letter regarding this offer are made for settlement negotiation purposes only, and are not intended as, nor shall be admitted into evidence or taken as admissions against interest by either of the parties or their counsel.

In order to avoid a temporary closure of the Centres, and the inconvenience that would mean to the Centre customers, this offer is also contingent on your continued operation of the Centres until we can get our teams in to take over, and that you send to us immediately the information requested in our letter to you of January 24, 2008.  To reiterate, the information needed is:


- Copies of leases for both franchised locations
- Landlord contact information.
- All vendor information for both locations including but not limited to:
    - Gas/electric
    - Trash
    - Water
    - Pest control
    - Drinking Water
    - Custodial Services
    - Phone
    - Internet


- All employee information including the following:
    - Names
    - Centre worked
    - Position
    - Tenure

Jon Fusco
February 15, 2008
Page 3

- Full or Part time
- Base Pay
- Commission Structure
- Benefits (Medical, Dental, Retirement etc.)
- Work Schedules
- Complete list of all physical assets to include current book value

We expect to be able to step in and start operating the Centres on Wednesday or Thursday of next week.

We regret that our relationship is ending in this way, but hope for your cooperation to make the situation as painless as possible for Centre customers and you, as well as for JCF.

Sincerely,

JENNY CRAIG FRANCHISING, LLC

Douglas Fisher
Vice President of Franchise Operations & Development

CC:    Thomas Buckner, Apperson, Crump & Maxwell, PLC
       Patti Larchet, CEO
       Kimberly Matthews, Acting General Counsel
       Lewis Shender
       John Baer, Sonnenschein Nath & Rosenthal LLP

# CHANCERY COURT OF TENNESSEE
## 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
## SUMMONS IN A CIVIL ACTION

NO. CH-08-0343 D._____ AD DAMNUM $_____ AUTO ☐ OTHER X

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER,

      Plaintiffs,

VS.

JENNY CRAIG, INC. and
JENNY CRAIG INTERNATIONAL, INC.

      Defendants

TO THE DEFENDANT: Jenny Craig International, Inc., serve through registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37902

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Verified Petition For Restraining Order on __Charmiane G. Claxton,__ Plaintiff's attorney, whose address is 6000 Poplar Avenue, Suite 400, Memphis, TN 38119 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgement by default may be taken against you for the relief demanded in the Complaint.

                         Dewun R. Settle
                         By_____, D. C.

ATTESTED AND ISSUED_____, 20____ By_____, D. C.

## TO THE DEFENDANT (S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980 you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of th list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel o f a lawyer.

### COST BOND

     I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My Hand this_____Day of_____, 2_____.

_____
    Surety

**EXHIBIT "C"**



IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,

v.                                            No. CH-08-0343-2

JENNY CRAIG, INC. and
JENNY CRAIG INTERNATIONAL, INC.,

Defendants.

---

## VERIFIED PETITION FOR RESTRAINING ORDER

Comes now the Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, (hereinafter referred to collectively as "Plaintiffs") by and through counsel, and would bring this Verified Petition for Restraining Order against Jenny Craig, Inc. and Jenny Craig International, Inc., (hereinafter collectively, referred to as "Defendants") for actions that the Defendants have threatened to take contrary to Defendants' representations to the Plaintiffs. In support of Plaintiff's Verified Petition for Restraining Order, it would state to this Honorable Court the following:

1. Plaintiffs, Jon P. Fusco and Jo Anne Fusco, are adult residents of Memphis, Shelby County, Tennessee.

2. Plaintiff, DMJ, Inc. is a Delaware corporation with its principal place of business at 6006 Sweetbriar Cove, Memphis, Shelby County, Tennessee.

3. Plaintiff, Ken Carter, is an adult resident of Calgary, Alberta, Canada.



4. Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc., are California corporations doing business in the state of Tennessee and which may be served through their registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

5. This Honorable Court has jurisdiction pursuant to Tenn. Code Ann. §20-2-214.

6. Venue is proper pursuant to Tenn. Code Ann. §20-4-106

7. Plaintiffs Jon P. Fusco and Jo Anne Fusco are the principals of DMJ, Inc., a franchisee of Defendant Jenny Craig.

8. DMJ, Inc. and Jenny Craig entered into the following agreements effective April 1, 2001:

   a. Area Development Agreement for Jackson, Mississippi ;

   b. Franchise Agreement number 8155 for the Jackson Mississippi Centre;

   c. Area Development Agreement for Memphis, Tennessee; and

   d. Franchise Agreement number 8072 for the Memphis, Tennessee Centre

9. On November 16, 2007, Jenny Craig served DMJ, Inc. with notice of default under the Agreements and gave DMJ, Inc. until February 14, 2008 to cure the instances of default or secure a new owner for the centres

10. On February 8, 2008, the Fuscos notified Jenny Craig that they had

2

entered into an agreement with Plaintiff Ken Carter to transfer ownership of the centres but that said agreement could not be consummated until Carter returned to Calgary, Alberta from Australia.

11. Plaintiff Ken Carter is a Jenny Craig franchisee with centres throughout Canada and Australia.

12. Doug Fisher, Jenny Craig Vice President of Franchise Operations and Development, called Jon Fusco on Friday, Feb. 8, and acknowledged that he had received information regarding the agreement from Ken Carter's attorney.

13. Doug Fisher said he would have a letter drafted that would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

14. In a separate conversation, Fisher also told Ken Carter that he would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

15. In reliance on Fisher's assurances that they could move forward with their plans, the Fuscos and Carter continued to work towards consummating the deal and transitioning the centres to Carter.

16. On February 15, 2008, the Fuscos received a letter from Fisher purporting to address "post-termination rights" and stating that Jenny Craig would "step in and start operating the Centres on Wednesday or Thursday of next week."

3

17. Plaintiffs have made repeated demands to the Defendants to honor their assurances and permit the Plaintiffs to move forward with the orderly transition.

18. The Defendants refuse to honor their agreement to permit the Plaintiffs to consummate their transaction and insist on entering the centres and disrupting operations.

19. Such an entry and disruption would irreparably harm the Plaintiffs by causing the departure of valuable employees and the loss of customers which would lead to a loss of income, growth opportunities, and goodwill.

## REQUEST FOR RESTRAINING ORDER

20. Plaintiffs request a restraining order against the Defendants pursuant to Tenn. R. Civ. P. 65 which will be temporary in nature for a period not to exceed fifteen (15) days.

21. That upon a hearing relative to the restraining order, to be conducted within fifteen (15) days, Plaintiffs, for the purpose of preventing immediate and irreparable harm, loss and damages, would request that a temporary injunction issue against Defendants that will serve to preclude Defendants, their representatives, employees, contractors, agents and assigns from entering the centres and disrupting the operation of the centres.

4

22. Plaintiffs assert that they are not paupers under the legal meaning of the term; however, Plaintiffs respectfully request relief from this Court relative to the injunctive bond required under Rule 65.05 of the Tennessee Rules of Civil Procedure. Plaintiffs request this Court require that they post a bond no greater than $500.00 in this cause.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, respectfully request all relief as referenced in this Verified Petition for Restraining Order including but not limited to the following:

1. This Honorable Court issues a temporary restraining order as to Defendants.

2. Upon a hearing of this case pursuant to Rule 65, to be conducted within fifteen (15) days of the issuance of the temporary restraining order, that this Court make such temporary restraining order permanent and grant temporary injunctive relief or, in the alternative, permanent injunctive relief so as to protect the Plaintiffs from the actions of Defendants.

3. That the Plaintiff be granted leave to amend this Petition as evidence and justice may so require.

Respectfully Submitted,

APPERSON, CRUMP & MAXWELL, PLC

By: _____

Thomas R. Buckner, BPR No. 8468
Charmiane G. Claxton, BPR No. 18592
Attorneys for Plaintiffs
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 756-6300

5

**Sworn execution of Verified Petition and combined affidavit:**

Comes now the undersigned, Jon P. Fusco, as President of DMJ, Inc. and would hereby state that the facts contained in this Verified Petition are true and correct to the best of his knowledge and information as of the date of executing this document. Jon P. Fusco asserts on behalf of DMJ, Inc. that it will be subject to immediate and irreparable injury, loss or damage if the restraining order requested herein is not granted.


Jon P. Fusco
President
DMJ, Inc.

Date: 2/20/08


STATE OF TENNESSEE        )
                          )ss
COUNTY OF SHELBY          )

BEFORE ME, a Notary Public in and for the said State and County, duly commissioned and qualified, personally appeared Jon P. Fusco, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the President of DMJ, Inc. and that he as such officer executed the foregoing Verified Petition by signing the name of the corporation by himself as such officer.

Sworn to and subscribed before me on this 20th day of February 2008


_____        My Commission Expires: 12.9.09
Notary Public

**Sworn execution of Verified Petition and combined affidavit:**

Comes now the undersigned, Jon P. Fusco, and would hereby state that the facts contained in this Verified Petition are true and correct to the best of his knowledge and information as of the date of executing this document. Jon P. Fusco asserts that he will be subject to immediate and irreparable injury, loss or damage if the restraining order requested herein is not granted.

_____
Jon P. Fusco

Date: __2/20/08_____

STATE OF TENNESSEE   )
                          )ss
COUNTY OF SHELBY     )

     BEFORE ME, a Notary Public in and for the said State and County, duly commissioned and qualified, personally appeared Jon P. Fusco, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), known to be the person described in and who executed the foregoing Verified Petition, and acknowledged that he executed the same for the purposes therein contained..

Sworn to and subscribed before me on this 20th day of February 2008

_____
Notary Public

My Commission Expires: __12-9-09__

**Sworn execution of Verified Petition and combined affidavit:**

Comes now the undersigned, Jo Anne Fusco, and would hereby state that the facts contained in this Verified Petition are true and correct to the best of her knowledge and information as of the date of executing this document. Jo Anne Fusco asserts that she will be subject to immediate and irreparable injury, loss or damage if the restraining order requested herein is not granted.

_Jo Anne Fusco_

Date: 2 · 20 · 08

STATE OF TENNESSEE    )
                      )ss
COUNTY OF SHELBY      )

BEFORE ME, a Notary Public in and for the said State and County, duly commissioned and qualified, personally appeared Jo Anne Fusco, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), known to be the person described in and who executed the foregoing Verified Petition, and acknowledged that she executed the same for the purposes therein contained..

Sworn to and subscribed before me on this 20th day of February 2008

_Notary Public_

My Commission Expires: 12-9-09

## FIAT

**To the Clerk of the Court:**

Issue Notice and set this matter for hearing on ~~Thursday~~ the 6th day of ~~March~~, 2008 at 10 o'clock A.m. and restrain the Defendants as described in the attached Temporary Restraining Order upon the Plaintiff posting bond in the amount of $ 1,000.00.

_Arnold Goodwin_
**Chancellor**

Date: 26 February 2008

A TRUE COPY-ATTEST
Dawun R. Settle, Clerk & Master
By _[signature]_
D.C. & M.

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,

v.                                              No. *CH-08-0343-2*

JENNY CRAIG, INC. and
JENNY CRAIG INTERNATIONAL, INC.,

Defendants.

---

### TEMPORARY RESTRAINING ORDER

---

**STATE OF TENNESSEE**
**SHELBY COUNTY**

To:    **Jenny Craig International Inc.**
       **c/o    C T Corporation System**
       **800 S. Gay Street, Suite 2021**
       **Knoxville, Tennessee**
       **and**
       **11355 North Torrey Pines Road**
       **La Jolla, California**

WHEREAS, Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, on the

20th day of February 2008 presented their Verified Petition to the Honorable Chancellor

alleging that Defendants Jenny Craig, Inc. and Jenny Craig International, Inc., intend to

irreparably harm Plaintiffs as will more fully appear by reference to the copy of the

Verified Petition herewith served upon you and where the said Chancellor has caused a

Temporary Restraining Order to issue as demanded in said Petition;

You are therefore restrained from entering the centres and disrupting the operation of the centres.

This Temporary Restraining Order will expire on _March 6, 2008 @ 10:00 pm_

Chancellor

Date: _Jb. 20, 2008_
_3:00 pm_

A TRUE COPY-ATTEST
Settle, Clerk & Master
D.C. & M.

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,

v.

JENNY CRAIG, INC. and
JENNY CRAIG INTERNATIONAL, INC.,

Defendants.

Office of Clerk and Master
Chancery Court, Shelby County
Memphis, TN

No. CH.08- 0343-2

_20th_ day of _Febry_____, 2008

TO Jenny Craig, Inc.

You are hereby notified that a hearing has been set in this matter on _Thursday_, the
_6th_ day of _march_____, 2008 at _10:00 pm_ and you are restrained as described in
the attached Temporary Restraining Order.

Respectfully,

DEWUN R. SETTLE, C & M

By _____ D.C. & M.

Thomas R. Buckner, BPR No. 8468
Charmiane G. Claxton, BPR No. 18592
Apperson, Crump & Maxwell, PLC
Attorneys for Plaintiffs
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 756-6300

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

FILED
SHELBY COUNTY
CHANCERY COURT
FEB 2 5 2008
DEWUN R. SETTLE, C & M
TIME: _____ BY: _____

| | |
|---|---|
| JON P. FUSCO, JO ANNE FUSCO,<br>DMJ, INC. and KEN CARTER,<br><br>    Plaintiffs,<br><br>v.<br><br>JENNY CRAIG, INC. and<br>JENNY CRAIG INTERNATIONAL, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CASE NO. CH-08-0343-2 |

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

---

Please take notice that on February 25, 2008, Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc., are removing the above-captioned action to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1446. Defendants hereby file a copy of the Notice of Removal and respectfully requests that this Court take no further action in regard to the above-captioned action unless and until the case is remanded.

Respectfully submitted,

R. MARK GLOVER (#6807)
EUGENE J. PODESTA, JR. (#9831)
Attorneys for Defendants

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

M RMG 1070195 v1
0-0 02/25/2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon Charmiane G. Claxton, Attorney for Plaintiffs, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee, 38119-3972, via U.S. Mail, postage prepaid, this 25th day of February, 2008.

M RMG 1070195 v1
0-0 02/25/2008

*Fusco*
*— v —*
*Jenny Craig's*

*Fusco*
*— v —*
*Jenny Craig's*

JON P. McCALLA

DIANE K. VESCOVO

**Receipt:** Case 2:08-cv-02125-JPM-dkv    Document 2    Filed 02/26/2008    Page 1 of 1

| Intake Clerk: | Receipt Number; | Receipt Date: |
|---|---|---|
| anthony | M112004 | 02/26/2008 |



# United States District Court
### Western District of Tennessee

Western Division-Memphis
167 N. Main, Room 242
Memphis, TN 38103
(901) 495 - 1200

Eastern Division-Jackson
Room 262, 111 South Avenue
Jackson, TN 38301
(731) 421-9200

Received From:
R. MARK GLOVER

**Cash:**
**Check:**
**Credit:**    $350.00
**Money Order:**
**EFT:**
**Total Amount Owed:**    $350.00
**Total Amount Paid:**    $350.00
**Change:**    $.00

### Receipt Details

1   Civil Filing Fee                                    Amount Owed:                    $350.00
    Case Number 2:08CV2125
    JON FUSCO, ET AL vs JENNY CRAIG, INC., ET AL

Total Lines: 1                    **Total Amount:**        **$350.00**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JON P. FUSCO, JO ANNE FUSCO, DMJ, INC. and KEN CARTER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Case No. <u>2:08-cv-02125-JPM-dkv</u> |
| JENNY CRAIG, INC. and JENNY CRAIG INTERNATIONAL, INC., | ) ) ) | Removal from the Chancery Court of Shelby County, Tennessee Case No.: CH-08-0343-2 |
| Defendants. | ) ) | |

## DEFENDANTS' CORPORATE DISCLOSURE STATEMENT

COME NOW the Defendants Jenny Craig, Inc. and Jenny Craig International, Inc. and, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, state as follows:

Jenny Craig International, Inc. was merged into Jenny Craig, Inc. on or about March 2007 and, therefore, Jenny Craig International, Inc. is a non-existent entity. Jenny Craig, Inc. is a wholly-owned subsidiary of Jenny Craig Holdings, Inc., a Delaware corporation. Jenny Craig Holdings, Inc., in turn, is a wholly-owned subsidiary of Nestlé Holdings, Inc., a Delaware corporation. Nestlé Holdings, Inc, in turn, is a wholly-owned subsidiary of Nestlé S.A., a Swiss chartered company. Nestlé S.A. is a publicly traded company.

This the 27th day of February, 2008.

Respectfully submitted,


___s/ R. Mark Glover_____

R. MARK GLOVER (#6807)
Email:  mglover@bakerdonelson.com
EUGENE J. PODESTA, JR. (#9831)
Email:  gpodesta@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:  (901) 526-2000

Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon Charmiane G. Claxton, Attorney for Plaintiffs, 6000 Poplar Avenue, Suite 400, Memphis, Tennessee, 38119-3972, by this Court's electronic notice system and by U.S. Mail, postage prepaid, this the 27th day of February, 2008.

s/ R. Mark Glover_____

M RMG 1070413 v1
0-0 02/27/2008