IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,

v.                                                    No. 08-cv-02125-JPM-dkv

JENNY CRAIG, INC.,
JENNY CRAIG INTERNATIONAL, INC.,
and JENNY CRAIG FRANCHISING, LLC

Defendants.

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken

Carter, (hereinafter referred to collectively as "Plaintiffs") by and through counsel, and

would bring this Amended Complaint against Jenny Craig, Inc., Jenny Craig

International, Inc.(JCI), and Jenny Craig Franchising, LLC (JCF) (hereinafter referred to

collectively as "Defendants") seeking, pursuant to 28 U.S.C. §2201, a declaration of the

rights and responsibilities of the parties pursuant to certain franchise agreements and

representations made by the Defendants to the Plaintiffs.

Plaintiffs filed their initial complaint in the Chancery Court of Shelby County

Tennessee on February 20, 2008.  The Defendants filed a Notice of Removal of the state

court action to this court on February 25, 2008.  The Defendants have not filed a

responsive pleading in either the state court action or this Federal court action.  Plaintiffs

file this Amended Complaint as a matter of course pursuant to Fed. R. Civ. P.

15(a)(1)(A).

In support of their Amended Complaint Plaintiffs would state to this Honorable Court the following:

1. Plaintiffs, Jon P. Fusco and Jo Anne Fusco, are adult residents of Memphis, Shelby County, Tennessee.

2. Plaintiff, DMJ, Inc. is a Delaware corporation with its principal place of business at 6006 Sweetbriar Cove, Memphis, Shelby County, Tennessee.

3. Plaintiff, Ken Carter, is an adult resident of Calgary, Alberta, Canada.

4. Defendants, Jenny Craig, Inc. and Jenny Craig International, Inc., are California corporations doing business in the state of Tennessee and which may be served through their registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

5. Jenny Craig Franchising, LLC is a Limited Liability Company organized under the laws of the state of Delaware. Its principal place of business is in San Diego County, CA. It is not registered to do business in the State of Tennessee and does not have a registered agent for the service of process. Pursuant to Tenn. Code Ann. § 48-208-104(b), service of process may be made through the Tennessee Secretary of State.

6. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is proper pursuant to 28 U.S.C.§ 1391(a)(2).

8. Plaintiffs Jon P. Fusco and Jo Anne Fusco are the principals of DMJ, Inc., a franchisee of Defendant Jenny Craig International, Inc. (JCI).

9. DMJ, Inc. and JCI entered into the following agreements effective April 1, 2001 (hereinafter collectively referred to as "the Agreements"):

   a. Area Development Agreement for Jackson, Mississippi ;

   b. Franchise Agreement number 8155 for the Jackson Mississippi Centre;

   c. Area Development Agreement for Memphis, Tennessee; and

   d. Franchise Agreement number 8072 for the Memphis, Tennessee Centre

10. At some time subsequent to the execution of the Agreements, JCI transferred its rights under the Agreements to JCF.

11. On November 16, 2007, JCF served DMJ, Inc. with notice of default under the Agreements and gave DMJ, Inc. until February 14, 2008 to cure the instances of default or secure a new owner for the centres. *See,* November 16, 2007 letter attached hereto as Exhibit A.

12. On February 8, 2008, the Fuscos notified JCF that they had entered into an agreement with Plaintiff Ken Carter to transfer ownership of the centres but that said agreement could not be consummated until Carter returned to Calgary, Alberta from Australia.

13. Plaintiff Ken Carter is a JCI franchisee with centres throughout Canada and Australia.

14. Doug Fisher, JCI Vice President of Franchise Operations and Development, called Jon P. Fusco on Friday, Feb. 8, and acknowledged

that he had received information regarding the agreement from Ken Carter's attorney.

15. Doug Fisher said he would have a letter drafted that would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

16. In a separate conversation, Fisher also told Ken Carter that he would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

17. In reliance on Fisher's assurances that they could move forward with their plans, the Fuscos and Carter continued to work towards consummating the deal and transitioning the centres to Carter.

18. On February 15, 2008, the Fuscos received a letter from Fisher purporting to address "post-termination rights" and stating that Jenny Craig would "step in and start operating the Centres on Wednesday or Thursday of next week."

19. On February 23, 2008, Mr. Carter returned to Calgary, Alberta from Australia.

20. On March 6, 2008 the Fuscos and Mr. Carter served the executed Asset Purchase Agreement and associated transfer documents on JCI as required by the transfer provisions of the Agreements.

21. On March 7, 2008, Plaintiffs' counsel received notice from counsel for JCF that JCF intended to enter the Memphis centre on March 17, 2008 and

take over operations. *See*, March 7, 2008 letter from John Baer to Charmiane Claxton attached as Exhibit B.

22. Plaintiffs have made repeated demands of the Defendants to honor their assurances and permit the Plaintiffs to move forward with the orderly transition.

23. The Defendants refuse to honor their agreement to permit the Plaintiffs to consummate their transaction and insist on entering the centres and disrupting operations.

24. Such an entry and disruption would irreparably harm the Plaintiffs by causing the departure of valuable employees and the loss of customers which would lead to a loss of income, growth opportunities, and goodwill.

25. Ultimately, all parties to this action – the Plaintiffs and the Defendants - will be harmed by the Defendants actions.

## REQUEST FOR PRELIMINARY INJUNCTION

26. Plaintiffs request that a preliminary injunction issue against Defendants, after notice and hearing pursuant to Fed. R. Civ. P. 65(a), for the purpose of preventing immediate and irreparable harm, loss and damages, that will serve to preclude Defendants, their representatives, employees, contractors, agents and assigns from entering the centres and disrupting the operation of the centres.

## REQUEST FOR DECLARATORY JUDGMENT

27. Plaintiffs seek declaratory judgment that:

    a. Doug Fisher specifically amended the terms of his November 16, 2007 letter and extended the time for the Plaintiffs to submit the transfer documents until after Mr. Carter returned to Calgary from Australia and

    b. Said extension and the Plaintiffs subsequent submission of the transfer documents stays any termination of the Agreements pending completion of the transfer and right of first refusal process as outlined in Section 13 of the Franchise Agreements.

28. In the alternative, the Plaintiffs ask that the Court declare that:

    a. the Plaintiffs reasonably and detrimentally relied on Doug Fisher's representations on behalf of JCF;

    b. that such reliance estopps JCF from terminating the Agreements pending completion of the transfer and right of first refusal process as outlined in Section 13 of the Franchise Agreements.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, respectfully request all relief as referenced in this Amended Complaint including but not limited to the following:

    1. that this Honorable Court conduct an expedited hearing of this case pursuant to Rule 65 and grant temporary injunctive relief or, in the

alternative, permanent injunctive relief so as to protect the Plaintiffs from the actions of Defendants.

2. that, upon a hearing on the merits, this Court declare that

    a. Doug Fisher specifically amended the terms of his November 16, 2007 letter and extended the time for the Plaintiffs to submit the transfer documents until after Mr. Carter returned to Calgary from Australia and

    b. Said extension and the Plaintiffs subsequent submission of the transfer documents stays any termination of the Agreements pending completion of the transfer and right of first refusal process as outlined in Section 13 of the Franchise Agreements.

3. or, in the alternative, the Court declare that:

    a. the Plaintiffs reasonably and detrimentally relied on Doug Fisher's representations on behalf of JCF;

    b. that such reliance estopps JCF from terminating the Agreements pending completion of the transfer and right of first refusal process as outlined in Section 13 of the Franchise Agreements.

4. That the Plaintiff be granted leave to amend this Amended Complaint as evidence and justice may so require.

Respectfully Submitted,


**APPERSON, CRUMP & MAXWELL, PLC**

/s Charmiane G. Claxton
Thomas R. Buckner, BPR No. 8468
Charmiane G. Claxton, BPR No. 18592
Attorneys for Plaintiffs
6000 Poplar Avenue, Suite 400
Memphis, TN  38119-3972
(901) 756-6300



## CERTIFICATE OF SERVICE


The undersigned hereby certifies that a copy of the foregoing was sent to


R. Mark Glover, Esq.          mglover@bakerdonelson.com
Eugene Podesta, Esq.          gpodesta@bakerdonelson.com


by U.S. District Court electronic mail noticing this 10th day of March, 2008.


/s Charmiane G. Claxton
Charmiane G. Claxton

**Jenny Craig** ®

Jenny Craig, Inc
5770 Fleet Street
Carlsbad, CA 92008-4700

(760) 696-4000
(760) 696-4001 Fax

DMJ, Inc.
6006 Sweetbrier Cove
Memphis, TN 38120
Attn: Jon Fusco

VIA FEDERAL EXPRESS AND E-MAIL

November 16, 2007

**Re: Notice of Default under Franchise Agreements Nos. 8155 and 8072 and Related Area Development Agreements**

Dear Jon:

This letter serves as notification of default under the following agreements: (i) Area Development Agreement by and between Jenny Craig International, Inc. ("JCI") and DMJ, Inc. ("DMJ") effective as of April 1, 2001, for Jackson, Mississippi ("Jackson ADA"), (ii) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Jackson, Mississippi Centre ("Jackson Franchise Agreement"), (iii) the Area Development Agreement by and between JCI and DMJ effective April 1, 2001, for Memphis, Tennessee ("Memphis ADA", and jointly with the Jackson ADA, the "Area Development Agreements"), and (iv) the Franchise Agreement by and between JCI and DMJ effective April 1, 2001 for the Memphis, Tennessee Centre (jointly, with the Jackson Franchise Agreement, the "Franchise Agreements" and the Franchise Agreements jointly with the Area Development Agreements, the "Agreements"). JCI has previously assigned its rights and obligations under the Agreements to Jenny Craig Franchising, LLC ("JCF").

This notice is based on our rights under Section 14.1 of the Franchise Agreements and Section 7.A. of the Area Development Agreements. Each agreement allows us to terminate if there is a default under that particular agreement or any other agreement between DMJ and JCF. DMJ is in default under the Agreements for several reasons, including the following:

1. **Centre Upgrades** - We have discussed with you for a very long time now the need to completely refurbish the Jackson Centre and also the need to install the graphics package in the Memphis Centre. DMJ is required to do so under both the Franchise Agreements (Sections 3.5 and 9.11). To date, our repeated requests to you to comply with this obligation have gone largely unanswered. You submitted a Franchise Application for Refurb Approval for the Jackson Centre on May 14 of this year, but it was missing the Centre floor plan. We have still not received the floor plan, without which the refurbishment process cannot proceed. On June 5 in an e-mail to Douglas Fisher you informed us that you had not yet received any proposals for the Memphis Centre. Again, you were informed that the

1233506RV-3

refurbishment process cannot proceed without a centre floor plan, but we have not received such floor plan or any further information from you on the refurbishment of the Memphis Centre since then.

2. **New Centre Openings** - You indicated to us as early as October 2005 your intention to open an additional centre in the Memphis area. Most recently, you confirmed this intention during our visit with you and your team. During the week of April 30 you agreed to begin the process to open at least one new centre in Memphis. In a letter sent to you on May 7, we indicated that we expected you to be able to open the new centre by the end of 2007. It is now November, and you have still not taken the necessary steps to even identify a location for a new centre. The Exhibit I to the Memphis ADA requires you to use your best efforts to open additional centres as may be necessary to develop the development area to its maximum economic potential. On June 14 you informed Douglas Fisher in an e-mail that you were waiting for proposals for new sites, but since then we have not received any information from you regarding steps taken to open an additional centre in the Memphis area.

3. **Timely Reports** - Pursuant to the operations manual, DMJ must provide us with monthly P&L reports. You are currently behind on your reporting obligations, as you have been for most of this year. The last P&L report that we received from you was for the first calendar quarter of 2007. The report was not in the proper electronic format. We have not received any P&L reports from you since. Your failure to provide such reports is a breach of the Franchise Agreements, including Sections 9.11 and 9.12. Furthermore, you have also failed to send us several other quarterly compliance reports.

4. **Media Plan** - DMJ is required to provide us with an annual media plan for your centres. This type of plan was most recently requested of our franchisees on October 5. You have not provided us with media plans for your centres, which constitutes a breach of the Franchise Agreement. You are required to comply with the operations manual pursuant to Sections 9.11 and 9.24.

5. **Conference Participation** - You have not registered yourself or key operations personnel for participation in the upcoming franchisee conference. You are required to participate in the conference pursuant to Section 9.15 of the Franchise Agreements. In addition to fail to participate in the upcoming conference, you have also failed to participate in the vast majority of monthly franchisee calls and other network conference calls that we have organized.

6. **Staffing obligation** - Under Section 9.2 of the Franchise Agreements you are required to employ sufficient qualified staff to operate each centre efficiently. We noted in the Market Visit Report, dated April 25, that the Jackson centre was insufficiently staffed, in several respects. Your e-mail to Devon Battee on November 14 regarding conference participation indicates the reason you are not participating in the upcoming franchisee conference is because the centres are short-staffed, so it appears that the issues raised in April have not been satisfactorily addressed.

7. **Sales Tax Proof** - Following the closure and subsequent re-opening of your Jackson Centre for failure to pay sales tax, you informed us on June 27 that written proof of the state's

- 2 -

12335061W-3

Amended Complaint
Exhibit A

approval for the centre to re-open was forthcoming within a week or two. We inquired about written proof on several occasions thereafter, but to date have not received such proof. You are required to comply with all state and local laws, regulations and requirements pursuant to Section 9.23.1 of the Franchise Agreements.

Based on the foregoing we are hereby giving you 90 days from the date of this letter to cure all of the above defaults. With respect to the new centre opening, if you are not able to have the new centre opened by the cure period, you will have to provide us with a fully executed lease for the additional centre (the location must be approved by us before you can enter into the lease) before the cure period. You must cure all the defaults in full before the end of the cure period, or the Agreements will terminate on February 14, 2008 without any further notice. If you wish to transfer your centres to a new owner, please be aware that such a transfer is subject to the transfer provisions in the Agreements and that any transferee would be required to cure the defaults promptly in addition to any other transfer requirements that we may enforce under the Agreements. The negotiations of a transfer will not give you any additional time to cure the defaults under the Agreements, and if it would not be consummated before the end of the cure period the Agreements will be terminated as set forth in this letter.

Sincerely,

JENNY CRAIG FRANCHISING, LLC

Douglas Fisher
Vice President of Franchise Operations & Development

Cc:  Patti Larchet, CEO
     Kimberly Matthews, Assistant General Counsel
     Beata Krakus, Sonnenschein, Nath & Rosenthal, LLP
     Sharon Vickers, Franchise Business Consultant
     Victor DeSio, Director, Franchise Development
     Lisa Herndon, Manager, Franchise Operations

12335061\V-3

Amended Complaint
Exhibit A



SONNENSCHEIN NATH & ROSENTHAL LLP

7800 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6404

**John R. F. Baer**
312.876.2604
jbaer@sonnenschein.com

312.876.8000
312.876.7934 fax
www.sonnenschein.com

March 7, 2008

**VIA FEDERAL EXPRESS AND E-MAIL**

Charmaine Claxton, Esq.
Apperson, Crump & Maxwell, PLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972

      RE:    Jenny Craig Franchising, LLC : Exercise of Post-Terminative Rights under
               Franchise Agreement for the Memphis, Tennessee Centre

Dear Ms. Claxton:

      We are writing to you as counsel for our client, Jenny Craig Franchising, LLC ("JCF"), to follow up on the letters sent by JCF to your client, DMJ, Inc. ("DMJ") on November 16, 2007, December 7, 2007, and February 15, 2008, regarding the termination of following agreements: (i) Area Development Agreement by and between Jenny Craig International, Inc. ("JCI") and DMJ, effective as of April 1, 2001, for Memphis, Tennessee, and (ii) the Franchise Agreement by and between JCI and DMJ, effective April 1, 2001 for the Memphis, Tennessee Centre ("Franchise Agreement"). JCI has previously assigned its rights and obligations under the above agreements to JCF.

      The Temporary Restraining Order in Tennessee expired yesterday. Please be advised that at this time JCF will proceed to exercise its rights pursuant to Sections 15.4 and 15.5 of the Franchise Agreement to purchase from DMJ the fittings and equipment for the Memphis Centre, as well as to take over the lease for the premises and for any leased equipment used in the Centre. Pursuant to Section 15.4 of the Franchise Agreement, JCF will pay DMJ fair market value for the fittings and equipment.

      In order to make the transition as seamless as possible for customers and Centre employees, JCF requests that DMJ send to JCF immediately the information requested in JCF's letter to DMJ of January 24, 2008. To reiterate, the information needed is:

- Copy of lease for the Centre
- Landlord contact information
- All vendor information for the centre including but not limited to:
  - Gas/electric
  - Trash
  - Water
  - Pest control
  - Drinking Water

14678447\V-1

Amended Complaint
Exhibit B



**SONNENSCHEIN NATH & ROSENTHAL LLP**

Charmaine Claxton, Esq.
March 7, 2008
Page 2

- Custodial Services
- Phone
- Internet
- All employee information including the following:
  - Names
  - Centre worked
  - Position
  - Tenure
  - Full or Part time
  - Base Pay
  - Commission Structure
  - Benefits (Medical, Dental, Retirement etc.)
  - Work Schedules
  - Complete list of all physical assets to include current book value

JCF will send someone to Memphis Centre the week of March 17, 2008 to begin the transition process.

JCF regrets that that the relationship between it and DMJ is ending in this way, but hopes for DMJ's cooperation to make the situation as painless as possible for Centre customers and DMJ, as well as for JCF.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

John R. F. Baer

JRFB/sn
cc:    Doug Fisher, Vice President, Franchise Operations and Development,
          Jenny Craig Franchising, LLC
       Kimberly Matthews, General Counsel, Jenny Craig Franchising, LLC
       Richard Spirra, Esq.
       Gene Podesta, Esq.
       Mark Glover, Esq.
       Bradley Moody, Esq.
       Beata Krakus, Esq.

Amended Complaint
Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,


v.                                                      No. 08-cv-02125-JPM-dkv

JENNY CRAIG, INC.,
JENNY CRAIG INTERNATIONAL, INC.,
and JENNY CRAIG FRANCHISING, LLC

Defendants.


## MOTION TO SET EXPEDITED PRELIMINARY INJUNCTION HEARING

Comes now the Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, (hereinafter referred to collectively as "Plaintiffs") by and through counsel, and would bring this Motion to Set Preliminary Injunction Hearing. In support of their motion Plaintiffs' would show:

1. Plaintiffs Jon P. Fusco and Jo Anne Fusco are the principals of DMJ, Inc., a franchisee of Defendant Jenny Craig International, Inc. (JCI).

2. DMJ, Inc. and JCI entered into the following agreements effective April 1, 2001 (hereinafter collectively referred to as "the Agreements"):

   a. Area Development Agreement for Jackson, Mississippi ;

   b. Franchise Agreement number 8155 for the Jackson Mississippi Centre;

    c.  Area Development Agreement for Memphis, Tennessee; and

    d.  Franchise Agreement number 8072 for the Memphis, Tennessee Centre

3. At some time subsequent to the execution of the Agreements, JCI transferred its rights under the Agreements to JCF.

4. On November 16, 2007, JCF served DMJ, Inc. with notice of default under the Agreements and gave DMJ, Inc. until February 14, 2008 to cure the instances of default or secure a new owner for the centres.

5. On February 8, 2008, the Fuscos notified JCF that they had entered into an agreement with Plaintiff Ken Carter to transfer ownership of the centres but that said agreement could not be consummated until Carter returned to Calgary, Alberta from Australia.

6. Plaintiff Ken Carter is a JCI franchisee with centres throughout Canada and Australia.

7. Doug Fisher, JCI Vice President of Franchise Operations and Development, called Jon P. Fusco on Friday, Feb. 8, and acknowledged that he had received information regarding the agreement from Ken Carter's attorney.

8. Doug Fisher said he would have a letter drafted that would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

9. In a separate conversation, Fisher also told Ken Carter that he would extend the termination date until Ken Carter returned from Australia and was able to complete the transaction.

10. In reliance on Fisher's assurances that they could move forward with their plans, the Fuscos and Carter continued to work towards consummating the deal and transitioning the centres to Carter.

11. On February 15, 2008, the Fuscos received a letter from Fisher purporting to address "post-termination rights" and stating that Jenny Craig would "step in and start operating the Centres on Wednesday or Thursday of next week."

12. On February 23, 2008, Mr. Carter returned to Calgary, Alberta from Australia.

13. On March 6, 2008 the Fuscos and Mr. Carter served the executed Asset Purchase Agreement and associated transfer documents on JCI as required by the transfer provisions of the Agreements.

14. Based on the Defendants' threats to enter the centres and disrupt operations, the Plaintiffs petitioned the Shelby County Chancery Court on February 20, 2008 in Civil Action No. CH-08-0343-2 for a temporary restraining order to enjoin the Defendants from entering the centres and disrupting operations.

15. Chancellor Arnold Golden entered a temporary restraining order on February 20, 2008 restraining the Defendants from entering the centres and disrupting operations until a hearing on March 6, 2008.

16. On February 25, 2008, Defendants filed a notice of removal in the United States District Court for the Western District of Tennessee as Civil Action No. 08-cv-02125-JPM-dkv.

17. Because this matter was removed to this Court, the hearing on the preliminary injunction scheduled in the Shelby County Chancery Court was stricken from that

court's calendar.

18. Defendants have once again issued a threat to enter the centres and disrupt operations, despite Plaintiffs' compliance with the agreement of the parties to get the transfer documents to the Defendants as soon as Mr. Carter returned to Calgary. *See*, March 7, 2008 letter attached as Exhibit A.

WHEREFORE, Plaintiffs pray that the Court sets an expedited hearing on their request for injunctive relief as prayed for in their Complaint and Amended Complaint.

Respectfully submitted,
APPERSON, CRUMP & MAXWELL, PLC


/s Charmiane G. Claxton
Thomas R. Buckner, BPR No. 8468
Charmiane G. Claxton, BPR No. 18592
Attorneys for Plaintiffs
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 756-6300


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to

R. Mark Glover, Esq.            mglover@bakerdonelson.com
Eugene Podesta, Esq.          gpodesta@bakerdonelson.com

by U.S. District Court electronic mail noticing this 10th day of March, 2008.

/s Charmiane G. Claxton
Charmiane G. Claxton



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

**John R. F. Baer**
312.876.2604
jbaer@sonnenschein.com

7800 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6404
312.876.8000
312.876.7934 fax
www.sonnenschein.com

March 7, 2008

VIA FEDERAL EXPRESS AND E-MAIL

Charmaine Claxton, Esq.
Apperson, Crump & Maxwell, PLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972

> RE:     Jenny Craig Franchising, LLC : Exercise of Post-Terminative Rights under
>         Franchise Agreement for the Memphis, Tennessee Centre

Dear Ms. Claxton:

We are writing to you as counsel for our client, Jenny Craig Franchising, LLC ("JCF"), to follow up on the letters sent by JCF to your client, DMJ, Inc. ("DMJ") on November 16, 2007,  December 7, 2007, and February 15, 2008, regarding the termination of following agreements: (i) Area Development Agreement by and between Jenny Craig International, Inc. ("JCI") and DMJ, effective as of April 1, 2001, for  Memphis, Tennessee, and (ii) the Franchise Agreement by and between JCI and DMJ, effective April 1, 2001 for the Memphis, Tennessee Centre ("Franchise Agreement").  JCI has previously assigned its rights and obligations under the above agreements to JCF.

The Temporary Restraining Order in Tennessee expired yesterday.  Please be advised that at this time JCF will proceed to exercise its rights pursuant to Sections 15.4 and 15.5 of the Franchise Agreement to purchase from DMJ the fittings and equipment for the Memphis Centre, as well as to take over the lease for the premises and for any leased equipment used in the Centre.  Pursuant to Section 15.4 of the Franchise Agreement, JCF will pay DMJ fair market value for the fittings and equipment.

In order to make the transition as seamless as possible for customers and Centre employees, JCF requests that DMJ send to JCF immediately the information requested in JCF's letter to DMJ of January 24, 2008.  To reiterate, the information needed is:

- Copy of lease for the Centre
- Landlord contact information
- All vendor information for the centre including but not limited to:
    - Gas/electric
    - Trash
    - Water
    - Pest control
    - Drinking Water

# S nnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Charmaine Claxton, Esq.
March 7, 2008
Page 2

- • Custodial Services
- • Phone
- • Internet
- All employee information including the following:
  - • Names
  - • Centre worked
  - • Position
  - • Tenure
  - • Full or Part time
  - • Base Pay
  - • Commission Structure
  - • Benefits (Medical, Dental, Retirement etc.)
  - • Work Schedules
  - • Complete list of all physical assets to include current book value

JCF will send someone to Memphis Centre the week of March 17, 2008 to begin the transition process.

JCF regrets that that the relationship between it and DMJ is ending in this way, but hopes for DMJ's cooperation to make the situation as painless as possible for Centre customers and DMJ, as well as for JCF.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

John R. F. Baer

JRFB/sn
cc:    Doug Fisher, Vice President, Franchise Operations and Development,
          Jenny Craig Franchising, LLC
       Kimberly Matthews, General Counsel, Jenny Craig Franchising, LLC
       Richard Spirra, Esq.
       Gene Podesta, Esq.
       Mark Glover, Esq.
       Bradley Moody, Esq.
       Beata Krakus, Esq.

Motion for Expedited Preliminary Injunction Hearing
Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JON P. FUSCO, JO ANNE FUSCO,
DMJ, INC. and KEN CARTER

Plaintiffs,

v.                                                     No. 08-cv-02125-JPM-dkv

JENNY CRAIG, INC.,
JENNY CRAIG INTERNATIONAL, INC.,
and JENNY CRAIG FRANCHISING, LLC

Defendants.

## JOINT MOTION TO TRANSFER CASE

Comes now the Plaintiffs, Jon P. Fusco, Jo Anne Fusco, DMJ, Inc. and Ken Carter, and the Defendants, Jenny Craig, Inc., Jenny Craig International, Inc., and Jenny Craig Franchising, LLC, by and through counsel, and move this Honorable Court to transfer the instant case, pursuant to 28 U.S.C. §1404(a), to the Southern District of California for consolidation with a pending case involving the parties. For cause, the parties would show as follows:

1. Plaintiffs filed their initial complaint against the Defendants in the Chancery Court of Shelby County Tennessee on February 20, 2008. The Defendants filed a Notice of Removal of the state court action to this court on February 25, 2008.

2. On February 21, 2008, the Fuscos and Mr. Carter filed a Verified Petition for Temporary Restraining Order and Preliminary Injunction against the

Defendants in the Chancery Court of Madison County, Mississippi as Civil Action no. 2008-159-B.

3.  On February 22, 2008, the Mississippi Chancery Court action was removed to the U.S. District Court for the Southern District of Mississippi as Civil Action no. 08-cv-112 HTW-lra.

4.  On February 22, 2008, Jenny Craig Franchising, LLC filed suit against DMJ, Inc. in the U.S. District Court for the Southern District of California as Civil Action no. 08-cv-0354 JM-blm.

5.  The parties have agreed to seek the permission of the U.S. District Courts for the Western District of Tennessee and for the Southern District of Mississippi to transfer their respective actions to the U.S. District Court for the Southern District of California for consolidation with the action pending there.

6.  The parties stipulate that the U.S. District Court for the Southern District of California is a district in which this action could have been brought pursuant to the choice of venue clause in the Franchise Agreements which are at issue in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs and Defendants respectfully request that this Honorable Court to transfer the instant case, pursuant to 28 U.S.C. §1404(a), to the Southern District of California.

Respectfully Submitted,


**APPERSON, CRUMP & MAXWELL, PLC**

/s Charmiane G. Claxton
Thomas R. Buckner, BPR No. 8468
Charmiane G. Claxton, BPR No. 18592
Attorneys for Plaintiffs
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 756-6300


**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**

s/R. Mark Glover
R. Mark Glover BPR No.6807
Eugene J. Podesta, Jr. BPR No.9831
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JON P. FUSCO, JO ANNE FUSCO, DMJ, INC. and KEN CARTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No: 2:08-cv-02125-JPM-DKV Removal from the Chancery Court |
| JENNY CRAIG, INC., and JENNY CRAIG INTERNATIONAL, INC., | ) ) ) | of Shelby County, Tennessee Case No.: CH-08-0343-2 |
| Defendants. | ) | |

## CONSENT ORDER TRANSFERRING CASE

This cause came to be heard on the written Motion of the Parties to Transfer this case pursuant to 28 U.S.C. § 1404(a) and the entire record in this cause; from all of which it appears to the Court that the parties' Motion is well-taken and should be granted;

IT IS, THEREFORE, ORDERED that this cause shall be transferred to the United States District Court for the Southern District of California where related litigation between these parties is currently pending.

SO ORDERED this 18th day of March, 2008.

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

AGREED:


s/Charmiane Claxton (with permission)
Charmiane Claxton
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
(901) 260-5166
cclaxton@appersoncrump.com


s/Eugene J. Podesta, Jr.
EUGENE J. PODESTA, JR. (#9831)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000
gpodesta@bakerdonelson.com

M EJP 1074463 v1
2910344-000001 03/18/2008

# UNITED STATES DISTRICT COURT
## Western District of Tennessee
www.tnwd.uscourts.gov

Thomas M. Gould
Clerk of Court

Memphis          (901) 495-1200
Memphis fax   (901) 495-1250
Jackson         (731) 421-9200

242 Federal Building
167 North Main Street
Memphis, TN 38103

262 Federal Building
111 South Highland Avenue
Jackson, TN 38301

March 21, 2008


United States District Court
4290 Edward J.  Schwartz Federal Building
880 Front Street
San Diego, CA 92101
ATTN: Clerk of Court

RE: Fusca, et al. v. DMJ, Inc. et al.

Dear Clerk of Court:

    Enclosed are certified copies of an Order.., entered on the
docket on March 18, 2008, and docket entries.

    Please acknowledge receipt of same by copy of this letter.

    As this case has been entered into CM/ECF, an informational
page has been attached for you to retrieve the case file
electronically.

    If further assistance is needed, please let us know.

                              Sincerely,

                              THOMAS M. GOULD, Clerk


                              BY: s/ J Easley
                                   Deputy Clerk


Encl.                         RECEIVED DOCUMENTS ON _____
                              day of _____, 2006
                              By:_____

_____

JS44
(Rev. 07/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Fusco, et al** | **Jenny Craig. Et al** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED   Shelby Co., TN  PLAINTIFF  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  **Thomas Ruckner, Charmaine Claxton**  **6000 Poplar Ave., Suite 400**  **Memphis, TN 38119-3972** | ATTORNEYS (IF KNOWN)  **R. Mark Glover, Eugene J. Podesta**  **165 Madison Ave., Suite 2000**  **Memphis, TN 38103** |
|---|---|

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### Diversity 28:1332

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 2K USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

Western District of Tennessee

☐ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☒ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:  JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE  3/26/2008            SIGNATURE OF ATTORNEY OF RECORD